NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYAD MOHAMMED SHAHNOWAZ, AKA Abu Noyaz, Petitioner, v. ROBERT M. WILKINSON, Acting Attorney General, Respondent. | No. 19-72797 Agency No. A096-389-884 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2021[**]
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

Syad Mohammed Shahnowaz, a citizen of Bangladesh, seeks review of a

Board of Immigration Appeals (BIA) decision dismissing his appeal of an

Immigration Judge (IJ) order denying Shahnowaz's claim for relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

To obtain CAT relief, Shahnowaz must prove that government officials or private actors with government consent or acquiescence would "more likely than not" torture Shahnowaz if he were removed to Bangladesh. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quotations omitted). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7). But "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

Substantial evidence supports the denial of CAT relief. Shahnowaz does not claim past torture. And the BIA reasonably concluded that Shahnowaz had not demonstrated that the Bangladesh government would consent to or acquiesce in Motin or his associates torturing Shahnowaz. Nor are Shahnowaz's general allegations of corruption within the Bangladeshi police sufficient to meet the CAT standard. We will "reverse[] agency determinations that future torture is not likely

2

only when the agency failed to take into account significant evidence establishing government complicity in the criminal activity." *Id.* Shahnowaz has not made such a showing here. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("generalized evidence of violence and crime" does not meet CAT standard).

Finally, the BIA did not require Shahnowaz to show first-hand knowledge of corruption between Motin and the Bangladesh government. The BIA instead determined that Shahnowaz did not meet his burden because he showed no apparent relationship between Bangladeshi officials and Motin, and the country conditions reports did not suggest that Bangladeshi officials would acquiesce in any torture by Motin. The record does not compel a contrary conclusion.

**PETITION DENIED.**